*John H. McCunn,* for the claimant.

*Charles W. Kline,* for the owner and contractor.

---

ESTHER LEOPOLD, BY HER NEXT FRIEND HEYMAN LEOPOLD *v.* MORRIS MYERS.

The court will order the expenses of a guardian *ad litem,* or next friend, of an infant plaintiff, paid or incurred in prosecuting an action, to be reimbursed to him out of the amount recovered.

But this power will not be exercised after the moneys have been paid over to the infant or his general guardian.

*It seems* that the appointment, as guardian *ad litem* or next friend for an infant plaintiff, cannot be forced upon a person against his consent.

Leopold v. Myers.

The object of the appointment is, that there may be a responsible person before the court, accountable for the costs of the defendant in the action.

He is not regarded as a party to the suit, his duty being merely to prosecute for the infant's rights; but he cannot be compelled to incur any expense in the prosecution.

He cannot compromise or settle the suit, nor is payment to him a legal satisfaction of the claim; and his duty ends when the case has been prosecuted to final judgment.

At Special Term, *January* 11, 1860.

Motion by the next friend of the infant plaintiff to compel the attorney, who was employed to prosecute the action, to pay the amount expended and incurred by the next friend in such prosecution. The action was brought to recover damages for a breach of promise of marriage. It appeared that the attorney who brought the action had been employed by the next friend for the purpose; that during its progress the next friend had paid and incurred considerable expense in respect to it, and $2,500 had been recovered. The money had been paid into the hands of the attorney, and he had paid it over to the general guardian of the infant, with knowledge that the next friend had not been reimbursed the moneys he had so expended.

*C. Bainbridge Smith,* for the motion.

*Samuel Williams,* opposed.

Hilton, J.—A *prochein ami,* or *guardian ad litem,* for an infant party to an action, is a species of attorney, whose duty it is to prosecute for the infant's rights, and to bring those rights directly under the notice of the court, (*Knickerbocker* v. *De Freest,* 2 Paige, 304); but he can do nothing to the injury of the infant, and therefore cannot compromise or settle his suit, (*Miles* v. *Kaigler,* 10 Yerger's Tenn. R. 10), and a payment to him is not a legal satisfaction, unless ratified by the infant on obtaining his majority. *Allen* v. *Roundtree,* 1 Speer's (S. C.) R., 80. He is not regarded, for any purpose, as a party to the suit, and his duty

ends when it is prosecuted to final judgment; (*Brown* v. *Hill*, 16 Verm. 673; *Isaacs* v. *Boyd*, 5 Porter's Ala. R. 388); and in *The People* v. *N. Y. Com. Pleas*, (11 Wend. 166), it was held that the only reason for his appointment was, that there might be a responsible person accountable for the costs of the action.

In early times the custom was to appoint officers of the court, but, as was said by Ch. J. WILLES in *Slaughter* v. *Talbott*, (Willes' R. 190), the practice was altered, for the reason that the court would not subject its officers to this liability for costs; and in awarding the attachment there ordered against the next friend for the costs of the suit, it was remarked by Mr. J. Fortesque Aland, that "the *prochein amis* may have satisfaction over against the infants, and generally they take security."

The same liability still exists, and it is enforced in the same manner. (Code, §§ 115, 316.)

The appointment as guardian, or next friend, for an infant plaintiff, cannot be forced upon any person against his consent, nor can he, after his appointment, be compelled to incur, in the prosecution of the suit, any liability other than for the costs of the adversary, if the infant fails in his action, and for which he has his remedy against the infant's estate by a proper proceeding; and he is not permitted to receive any property of the infant until he has given sufficient security, approved by a judge of the court, to account for and apply the same under the direction of the court, (Code, § 420), except such costs and expenses as may be allowed to him by the court out of the moneys recovered by the infant in the suit. (Rule 62.)

It appears, in this case, that the infant plaintiff recovered a judgment in her favor for over $3,000, and married during the pendency of the action. At its commencement, the defendant was arrested, and, in lieu of bail, deposited with the clerk of the court $2,500, which, after the judgment, was, by the order of the court, paid over to her attorney. While it was in his hands, she and her husband—who, it appears, had been appointed general guardian of her person and estate by the surrogate—joined in a notice to the attorney, forbidding payment of the money to any per-

son other than such husband and guardian; and the money was subsequently paid, and the attorney discharged from all claim in respect to it, by a receipt in full, signed by the guardian and the infant plaintiff.

Subsequent to this payment being made, the next friend of the plaintiff in this suit, notified the attorney not to pay over the money, as he had a claim upon it for the expenses and disbursements made by him as guardian, or next friend, in the action; and I am asked to enforce this claim, by an order directing its payment by the attorney, and, in case of refusal, to compel obedience by attachment.

If it was admitted that any part of the money recovered remained in the hands of the attorney, there can be no doubt of the power, under the rule to which I have referred, and upon general principles applicable to such cases, to allow the guardian out of the fund a sum sufficient to reimburse him for his costs and expenses in the action, when the amount expended should be ascertained; and, in such a case, after the allowance should be made, and the attorney had notice of it, any payment thereafter by him to the prejudice of the guardian, would probably be at the attorney's risk and peril; but I can perceive no propriety in making the order here asked for, after the fund has passed from the custody and control of the court, and has been paid by the attorney to the only person appearing authorized to receive the same, prior to any allowance of the kind referred to being made by the court, and before the attorney had notice of the guardian's intention to lay claim to any part of the fund.

As I before remarked, the guardian here was under no obligation to make advances for the purposes of the suit, and, as he volunteered to make them, he should have seen to having his application for reimbursement made while the fund remained in the custody of the court. Had he applied in time, a proper allowance would have been granted to cover his expenses; but he has seen fit to wait until the money has passed from under our control, and we can afford him no relief in the way he suggests, but must leave him to such remedy as he may have by an ordinary

action, or by a proceeding against the moneys in the hands of the husband and guardian.

Motion denied.