# ABBOTTS'

# PRACTICE REPORTS.

## NEW YORK.

### McCRAY *a.* McCRAY.

*Supreme Court, Sixth District ; General Term,* 1861.

EXAMINATION OF PARTY.—" REPRESENTATIVES OF A DECEASED PERSON."

In the provision of section 399 of the Code of Procedure,—allowing parties to be examined as witnesses, except that parties shall not be examined against parties who are representatives of a deceased person, in respect to transactions between such deceased person and the witness,—the words "representatives of a deceased person," mean executors or administrators.

A party whose interest in lands in suit is that of a guardian in socage, an heir, or a dowress, is not a representative of the decedent through whom she claims, within the meaning of that section.

Motion for new trial.

This was an action to recover possession of a farm. On the first trial the offer of the defendant to prove an equitable defence was rejected, and the plaintiff had a verdict, which was afterwards set aside, and a new trial granted, costs to abide the event. (See report of the case, 30 *Barb.*, 633.) On the second trial the plaintiff offered himself as a witness in his own behalf, and was objected to by the defendant, and the judge ruled he was competent for

himself generally in the case; also, that he might testify to transactions had personally between James G. McCray, deceased, and himself. The defendant claimed the farm by virtue of a parol contract between the plaintiff and said James G. McCray, or by a parol gift thereof from the former to the latter. James G. McCray was dead, and the defendant was his widow, and resided on the farm with an infant child, a daughter, by her marriage with her deceased husband. She had another infant daughter by her said husband, which was living when he died; but that daughter died before the first trial. The judge ruled that the defendant, neither in her own right, or as guardian in socage of her infant daughter or otherwise, was a representative of the said James G. McCray, deceased. The defendant excepted in due manner to said rulings, and being unsuccessful on the last trial, at the Chenango circuit in May, 1860, moved for another trial upon exceptions. Judgment was suspended in the mean time.

*Rexford & Kingsley*, for plaintiff.

*Henry R. Mygatt*, for defendant.

By the Court.*—Balcom, J.—The most important questions in this case were determined when it was before the general term the first time. (See the case, 30 *Barb.*, 633.) I shall therefore only examine the question in regard to the right of the plaintiff to testify as a witness in his own behalf. Was the plaintiff examined against a party who was the representative of a deceased person, in respect to any transaction had personally between the deceased person and himself? If he was, the judge erred in permitting such examination. (*Code*, § 399.) The defendant was not an executrix or administratrix. She claimed the farm in question by an alleged parol gift of it from the plaintiff to her husband, or under an alleged parol agreement between them. She was guardian in socage of an infant daughter that she had by her deceased husband, and claimed to hold possession of half of the farm as such guardian. She claimed a right to the other half as mother or heir of her

---

* Present, Balcom, Campbell, and Parker, JJ.

deceased daughter; and, also, an unadmeasured dower-right in the whole farm as widow of her husband.

The legal title to the farm was in the plaintiff, and the defendant's defence to the action was an equitable one. She insisted on the trial that she had shown a right, by parol evidence of transactions between the plaintiff and her husband, to a legal title to the farm; which alleged right the plaintiff disproved by his own evidence.

The defendant defended the action in her own right, and in that of her living infant daughter; not as the representative of her deceased husband, or of her deceased infant daughter. Was her position as defendant, in any sense, that of a representative of a deceased person? I answer it was not. I am aware that in construing wills, courts have held that the words, "representative," "legal representative," and "personal representative" may mean next of kin or heirs. But the same courts have also held that those words in their ordinary sense are to be understood as synonymous with executors and administrators. (2 *Lomax on Ex.*, 2 ed., 58, 59 ; 2 *Jarm. on Wills*, 4 Am. ed., 29.) Williams says: "The ordinary legal sense of the term, 'representatives,' without the addition of 'legal' or 'personal,' is executors or administrators." (2 *Will. on Ex.*, 5 Am. ed., 1015.)

The word "representative" is not defined in Jacob's Law Dictionary; but under the word "representation," it is therein stated, "executors represent the person of the testator to receive money and assets."

Bouvier says: "A representative of a deceased person, sometimes called a 'personal representative,' or 'legal representative,' is one who is executor or administrator of the person described." He cites 6 *Mad.*, 159, and 5 *Ves.*, 402. (See 2 *Bouv. Law. Dict.*, tit. *Representative.*)

There is no conflict in the old authorities as to the ordinary legal sense of the word "representative;" and Bouvier's definition of it is adopted in Worcester's Dictionary, which is regarded by many of the most learned men in our country as the best dictionary of the English language now in use.

Noah Webster, in defining the word "representative," says: "In law, one that stands in the place of another as heir, or in the right of succeeding to an estate of inheritance, or to a

crown." ( *Webster's Dictionary*, ed. of 1855.)   He gives no authority for his definition, and it should not be adopted against the well understood and long received legal signification of the word.

I think the natural and most obvious meaning of the words, "representatives of a deceased person," as they are used in section 399 of the Code, is executors and administrators, and that we must hold they have that meaning.   (See Evans *a.* Charles, 1 *Anst.*, 128 ; Price *a.* Strange, 6 *Madd.*, 104 ; Anon., 1 *Dyer*, 6 ; 2 *Comst.*, 87 ; Bridge *a.* Abbott, 3 *Bro. C. C.*, 221 ; 3 *Ves. Jr.*, 48, 146, 184, 486 ; 5 *Ib.*, 401 ; 20 *Wend.*, 561, 562 ; 7 *Hill*, 408 ; 1 *Kern.*, 601, 602 ; 3 *Ib.*, 360.)

The defendant, therefore, cannot be regarded as a representative of a deceased person, within the meaning of section 399 of the Code.

If the foregoing views are correct, the plaintiff was properly allowed to testify in his own behalf, in respect to any transaction had personally between him and James G. McCray, deceased.

My conclusion is, that no error was committed on the trial prejudicial to the defendant, and that her motion for a new trial should be denied, with costs.

Decision accordingly.

PARKER, J., dissented.