*J. W. Robinson*, for the appellant.

---

### DAHONEY *v.* HALL *et al.*

PARTIES.—The mere fact that a person is named in a contract as the agent of the principal therein named, to perform his agreement, does not make such person a necessary or proper party in an action to enforce performance of such contract against the maker of it.

WITNESS.—In an action for specific performance of a contract for the conveyance of real estate, if the principal in the contract dies pending the suit, and his heir at law, an infant too young to be competent to testify, is made defendant, such facts do not render the plaintiff an incompetent witness on his own behalf.

APPEAL from the *Jefferson* Circuit Court.

DAVISON, J.—This suit was instituted by the appellant, who was the plaintiff, against *John R. Hall* and *James M. Safford*,

to compel the specific performance of a contract for the conveyance of real estate. The following are the facts alleged in the complaint:

On the 2d of *April*, 1855, *John R. Hall* agreed that if the plaintiff (then *Eleanor Hall*, and unmarried) would pay a note of 700 dollars to one *William C. Vawter*, he would, in consideration of such payment, and as soon as it was made, execute to her a deed in fee for a tract of land which is situate in *Jefferson* county, and which the complaint describes, &c.; and at the same time he, *John R. Hall*, executed an instrument in writing which sets forth the contract of sale and the condition on which such deed was to be made to the plaintiff. The instrument thus referred to was filed with the complaint, and is, in substance, as follows:

"Know all men, &c., that I, *John R. Hall*, in and by my letter of attorney, bearing date *April* the 2d, 1855, did appoint *James M. Safford*, of, &c., my attorney, for me and in my name, to sell and convey to *Eleanor Hall*, upon certain conditions hereinafter named, a tract of land in *Jefferson* county, [describing it as the same is described in the complaint.] Now the conditions are, that if the said *Eleanor* will pay to *William C. Vawter* the sum of 700 dollars, (for which he holds my note payable on the 21st of *March*, 1856, and which is secured by mortgage on the above-described real estate,) then, so soon as she makes such payment, and procures a cancellation of the note and mortgage aforesaid, it shall be lawful for *James M. Safford*, my attorney, for me, and in my name, to make, acknowledge and deliver to her a good and sufficient deed of conveyance for said land," &c.

Plaintiff avers that *Safford*, in consideration of his appointment, &c., undertook the trust, and agreed to execute, as *Hall's* attorney, a deed for the land when she, the plaintiff, had complied with the aforesaid conditions. And plaintiff, in fact, says that they have been complied with; that she has

Dahoney *v.* Hall et al.

paid the 700 dollars to *Vawter*, and has taken up and cancelled the note and mortgage. But the said attorney has not, nor has the said *John R.* himself, made her a deed, &c., wherefore she prays that *John R. Hall* be compelled to convey, &c., or that a commissioner be appointed to make such conveyance.

The defendant, *James M. Safford*, demurred to the complaint. His demurrer was sustained, and the plaintiff excepted. The other defendant, *John R. Hall*, answered by a denial. At this stage of the proceedings the death of *Hall* was suggested, and *Ella Hall*, his only child and only heir, was by the Court duly admitted a defendant; and being an infant, she appeared by guardian *ad litem*, and answered by a general denial. The Court tried the issues and found for the defendants. New trial refused, and judgment.

The record contains a bill of exceptions, which shows that while the trial was in progress, the plaintiff offered herself as a witness, and proposed to prove by her own testimony "that prior to the commencement of this action, she paid to the said *William C. Vawter* 800 dollars, as the full amount of the note and mortgage referred to in the written instrument filed with the complaint." But the Court, on the alleged ground that she was incompetent as a witness, refused to allow her to testify in the case.

The errors relied on by the appellant in his brief, are thus assigned: 1. The Court erred in sustaining the defendant, *Safford's*, demurrer to the complaint. 2. There was error in the refusal to admit the plaintiff as a witness.

There is nothing in the first assignment. The mere fact that *Safford* was, in and by the instrument sued on, appointed *Hall's* agent, did not make him a necessary, or even a proper party to the action. The complaint fails to show that he had any interest in the controversy adverse to the plaintiff, and the result is, the demurrer, as to him, was properly sustained.

Dahoney *v.* Hall et al.

The second assigned error remains to be considered. Was the plaintiff a competent witness? An act of 1861 provides, sec. 2, that "every free white person of competent age shall be a competent witness in any cause or proceeding," * * and that "any person, a party in the action, may testify in his own behalf, or in behalf of any other party or parties therein." But section 3 enacts that "persons insane at the time of examination, and children under ten years of age and incapable of understanding that about which they are examined, * * shall not in either case be included in the second section of the act, or be competent witnesses." * * "*Provided,* That where a negro, Indian, or person excluded on account of mixed blood, is a party to a cause, his opponent shall also be excluded; *And provided further,* That in all suits where an executor, administrator, or guardian is a party in a case where a judgment may be rendered either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness, unless required by the opposite party or by the court trying the cause, except in cases arising upon contracts made with the executor, administrator or guardian of such estate." Acts 1861, p. 52.

Thus, it will be seen, that the plaintiff was competent to testify in her own behalf, unless the provisoes of the act excluded the defendant from being examined as a witness. *Ella Hall* was the only defendant; she was an infant, and appeared by guardian *ad litem.* Was she, in view of the provisoes, excluded from testifying in the cause? Her position as a defendant is evidently not within the first proviso. Nor does the second exclude her, because she was neither executor, administrator nor guardian. Defendant, being an infant, may have been under ten years old, and, on account of tender age, not admissible as a witness; but the fact that she was thus inadmissible did not render the plaintiff incompetent, because

such incompetency exists only in cases pointed out in the provisoes. The refusal to allow the plaintiff to testify was, no doubt, erroneous, and the judgment must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

—— ——, for the appellant.

—— ——, for the appellee.