## WALKER *v.* CLIFFORD.

WITNESS—STATUTES CONSTRUED.—Where a part of the estate of an intestate is the promissory note of *A*, and the whole estate is appraised at less than 300 dollars, and is therefore under the provisions of the Decedent's Estates' Act, delivered to his widow, and she sues *A* on said note, who pleads defences going to the merits, *A* is not rendered an incompetent witness in his own behalf by the terms of the last proviso of section 3, of the act of *March* 11, 1861, (2 G. & H. p. 168).

APPEAL from the *Vanderburgh* Circuit Court.

WORDEN, J.—*James T. Walker* made certain promissory notes to *John Clifford*. *Clifford* died, and his estate, being appraised at less than 300 dollars, was ordered by the Court to be delivered over to his widow, *Kate Clifford*, under the provisions of the statute. 2 R. S. 1852, p. 279, sec. 133 *et seq.* This suit was brought by the widow upon the notes. *Walker* pleaded defences going to the merits. On the trial he offered himself as a witness, but was rejected, and exception taken. This ruling was erroneous. *Walker* was a competent witness, the statute having made him such. Acts 1861, p. 52. The case does not come within the proviso: "That in all suits where an executor, administrator or guardian is a party in a case where a judgment may be rendered for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness," &c. *Dahony* v. *Hall et al.*, 20 Ind. 264.

*Per Curiam.*—The judgment is reversed with costs, and the cause remanded for a new trial.

*Lewis C. Stinson*, for the appellant.