SUSAN C. AUSTIN, executrix, *vs.* SUMNER DUNHAM.

Hancock, 1875.—January 1, 1876.

*Review,—upon condition.*

A review may be granted to a party who has become insane and been placed under guardianship, upon the condition that the petitioner will stipulate that no objection shall be made to the respondent's testifying generally upon the trial of the case in review. And when the review is granted upon such stipulation made, it is binding upon the legal representative of the petitioner after his decease.

ON EXCEPTIONS.

REVIEW.

The original action was tried at the October term, 1872, when a verdict was rendered for the defendant. After that, a guardian was appointed for the original plaintiff, Benjamin F. Austin, who had become insane. A petition for review was then filed by the guardian, which was granted, the record of which shows as follows: "Review granted upon the following condition : The petitioner stipulates that no objection shall be made to the respondent's testifying upon the trial of the case in review."

Whereupon a writ of review was sued out, after which the original plaintiff, (Benjamin F. Austin,) died and the action was tried in the name of his executrix, Susan C. Austin. At the trial the defendant, Dunham, was called, and against the objection of the present plaintiff was allowed to testify generally in the cause as a witness for himself; and he did testify to a verbal bargain, material to the case, made by him with said original plaintiff during his lifetime. The verdict was for the defendant, and to the admission of his testimony, as aforesaid, the plaintiff excepted.

*A. Wiswell & A. P. Wiswell,* for the plaintiff.

*E. Hale & L. A. Emery,* for the defendant.

VIRGIN, J. A review may be granted to a party who has become insane and been placed under guardianship, upon the condition that the petitioner will stipulate that no objection shall be made to the respondent's testifying generally upon the trial of

the case in review. And when the review is granted upon such stipulation made, it is binding upon the legal representative of the petitioner, after his decease.

In cases wherein a party is not entitled "as of right" to a review, the granting or declining of it rests wholly in judicial discretion; and it may be granted upon such conditions imposed upon the party seeking it, as the court may consider reasonable. *Jones* v. *Eaton*, 51 Maine, 386.

In the original case, the defendant was a material witness and obtained a judgment. If a review were unconditionally granted, the insanity equally with the death of the plaintiff would exclude the defendant. R. S., c. 82, §§ 87 and 88. This fact was considered by the judge who heard the petition, and he granted the review upon the condition named, which was considered reasonable and was accepted by the petitioner. His legal representative cannot be permitted to reap the benefits of the review and repudiate the condition without which the review would not have been granted.                    *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.