ROBERT McNICOL ET AL. v. ALLEN H. JOHNSON, GUAR-
DIAN, ETC.

In an action brought by a guardian of an imbecile to set aside a deed exe-
cuted by his ward before his appointment, the heirs of the grantee,
being defendants, are disqualified to testify (by section 313 of the code,
as amended March 23, 1875. 72 Ohio L. 77), as to facts which occurred
previous to the appointment of the guardian.

MOTION for leave to file a petition in error to the District
Court of Highland county.

The original action was brought by defendant in error, as
guardian of Rosanna Wright, an imbecile, against James Mc-
Nicol to set aside a deed of conveyance executed by Ro-
sanna to the defendant, before she was adjudged an imbecile,
on the alleged grounds that, at the time of executing the
deed, she was incapable, by reason of mental imbecility, of
contracting, and also, that the defendant had procured the
conveyance through fraud. After issue joined the defend-
ant died, and the action was revived against the heirs and
personal representatives of his estate, who also joined is-
sue upon the matters alleged in the petition. After trial
in the court of common pleas, the cause was appealed to
the district court, where, upon trial, the court refused to
allow the defendants, children and heirs of the original
defendant, to testify as to facts which occurred previous to
the appointment of the plaintiff as guardian.

Judgment having been rendered for the plaintiff below,
the defendants seek to reverse it for alleged error in hold-
ing the parties, defendants, incompetent to testify, as above
stated.

Nelson Barrere and Henry M. Huggins, with whom was
H. B. Maynard, for the motion.

C. H. Collins, with whom was Ulrick Sloan, contra.

Black *v.* Hill et al.

BY THE COURT. The defendants below, under section 313 of the code, as amended March 23, 1875 (72 Ohio L. 77), were incompetent to testify as to facts occurring previous to the appointment of the plaintiff as guardian. They were disqualified by the negative clause in the first paragraph: "No party to a civil action shall be allowed to testify . . . where the adverse party is the guardian or trustee of an . . . imbecile."

The argument in favor of the plaintiffs in error is based on a misconstruction of the *proviso* contained in this paragraph, viz., "that nothing herein contained shall be so construed as to prevent any and all heirs, grantees, and legatees from testifying in cases to contest the validity of or to set aside a will or deed of any ancestor or grantor under whom they may claim title." The deed in controversy was not the deed of their ancestor, James McNicol. Nor is the assumption of counsel, that James McNicol, had he lived, would have been a competent witness, correct. The *proviso* was intended to assert the competency of the " heirs, *grantees*, and legatees," " *of a deceased person*," to testify " in cases to contest the validity of or to set aside a will or deed of an ancestor or grantor under whom they may claim title." It was intended to prevent a construction of the next preceding clause, whereby "a party claiming or defending as heir, *grantee*, or devisee of a deceased person" might be held to be incompetent to testify in his own behalf, in the cases named in the proviso.

*Motion overruled.*