WILLIAM B. WHITE *vs.* THOMAS H. BROWN, administrator.

Oxford. Decided September 13, 1877.

*Witness.*

If a party who is excluded from testifying under a general rule of law would avail himself of a right to testify under an exception, he should make his claim to testify under the exception appear at the trial.

R. S., c. 66, § 5, provides that commissioners of insolvent estates may require a claimant to be sworn, and may examine him on all matters relating to his claim. *Held*, that this provision gives him no privilege to be a witness at his own instance as a matter of right.

R. S., c. 66, § 15, provides for an appeal, and that on trial before the court or referees the creditor may be examined on oath, as before commissioners. *Held*, that this provision gives him no claim to testify as matter of right before a referee.

ON EXCEPTIONS.

ASSUMPSIT for money had and received. The case comes up by appeal from the decision of the commissioners of insolvency, rejecting the claim of the plaintiff filed against the estate of Bezaleel White, of which estate the defendant was administrator. By consent of parties the action was referred. At the hearing the plaintiff was sworn, and claimed the right to testify as a witness. The referee ruled as matter of law that he had no such right, and excluded him. The defendant did not offer himself as a witness or testify. The plaintiff objected to the acceptance of the award of the referee, which was for the defendant, because of the exclusion and of the ruling. The presiding justice overruled the objections as matter of law and accepted the report; and the plaintiff alleged exceptions.

*J. J. Perry*, for the plaintiff.

*A. Black*, for the defendant.

APPLETON, C. J. The ruling of the presiding justice is clearly correct. The defendant was an administrator and did not testify. The plaintiff was not a witness under any of the provisions of R. S., c. 82 unless he could bring himself within the exceptions enumerated in § 87. It was for him to do it. The general rule is the exclusion of a party, whose opponent is an executor or administrator. The exception must be shown to exist, else the general rule obtains.

For the same reason, the plaintiff does not bring his claim to testify, within c. 145, of the acts of 1873.

By R. S., c. 66, § 5, claims against an insolvent estate must be supported by affidavit. The commissioners, before whom the claim is presented for allowance, "may require a claimant to be sworn, and may examine him on all matters relating to his claim." He is only sworn at the requirement of the commissioners, never at his own instance.

By c. 66, § 15, an appeal may be taken. By § 15, "on trial before the court or referees, the creditor may be examined on oath, as before commissioners, and with the like effect if he refuses to be examined;" that is, that his claim will be rejected as provided by § 6, in case of such refusal.

The plaintiff was not a witness at his own instance before commissioners. He was to be examined only when required by them and the examination was to be by them. The same limitation holds on the trial before the court or a reference, *Morse* v. *Page*, 25 Maine, 496. *Gould* v. *Carlton*, 55 Maine, 511, 514.

*Exceptions overruled.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.