Pavey *et al. v.* Wintrode, Guardian.

---

No. 9828.

## PAVEY ET AL. *v.* WINTRODE, GUARDIAN.

WITNESSES.—*Competency.*—In a suit by a guardian of an insane person against several for fraud practiced on the ward, the defendants were not competent witnesses for each other, under the statute of 1867, 2 R. S. 1876, p. 134.

EVIDENCE.—*Insanity.*—Where the question of one's sanity some years ago is involved, evidence as to his present sanity is immaterial.

SAME.—*Declarations of Agent.*—The acts and declarations of an agent concerning the business which he is at the time transacting for his principal are proper evidence against the principal.

BILL OF EXCEPTIONS.—*Evidence.*—A bill of exceptions which declares that it contains all the evidence, but does not contain written evidence which it shows was admitted, does not present any question in the Supreme Court as to the sufficiency of the evidence to sustain the verdict.

From the Huntington Circuit Court.

*L. P. Milligan, B. M. Cobb, C. W. Watkins, M. L. Spencer* and *J. C. Branyan*, for appellants.

*J. B. Kenner* and *J. I. Dille*, for appellee.

FRANKLIN, C.—Appellee, as guardian of Amos Small, an insane person, sued appellants for fraud practiced by them upon said insane person in the conveyance of a certain tract of land by said insane person to them before the appointment of such guardian. Appellants answered by a general denial. At the March term, 1880, of said court, there was a trial before a jury, and a verdict for the plaintiff for $800. A new trial was granted; and at the December term thereafter, another jury trial was had, and a verdict returned for $200. A motion for a new trial was overruled, and judgment rendered upon the verdict.

The error assigned in this court is the overruling of the motion for a new trial.

Various reasons are stated in the motion for a new trial, and it is unnecessarily lengthened out by copying, instead of merely referring to, the evidence given and objected to, and offered and rejected. It is too long to copy in this opinion. We will consider such of the reasons as are presented and discussed by appellants' counsel; the others are treated as waived. It is insisted by appellee's counsel that the motion can not be considered, for the reason that all the evidence is not in the record; that, although the bill of exceptions contains a statement, in conclusion, that it embraces all the evidence given upon the trial of the cause, yet it shows clearly that documentary evidence was given upon the trial which is not contained in the bill of exceptions, and no reference therein made to such evidence; and the following is referred to : Note from Small to Dr. Hess, note from Myers to Hess, note from Small to Parlet, mortgage from Small to Wintrode, deed from Small and wife to Hock, assignment of judgment and credits on judgment, and the record in case No. 810. These are not contained or referred to in the bill.

A bill of exceptions which declares that it contains all the evidence, but does not contain written evidence which it shows was admitted, is not sufficient to present any question to the Supreme Court as to the sufficiency of the evidence. *Cos-*

*grove* v. *Cosby*, 86 Ind. 511; *Eigenman* v. *Rockport, etc., Ass'n,* 79 Ind. 41; *Sidener* v. *Davis*, 69 Ind. 336. "But where the question does not depend upon the entire evidence, as where the court admits improper evidence, the question can be determined without the entire evidence." *Shorb* v. *Kinzie*, 80 Ind. 500. *Johnson* v. *Wiley*, 74 Ind. 233; *Wells* v. *Wells*, 71 Ind. 509. Under these rulings the first three reasons for a new trial upon the insufficiency of the evidence can not be considered.

Under the tenth and eleventh reasons for a new trial it is insisted by appellants' counsel that the court erred in refusing to allow appellants to testify for each other, and in support thereof we are referred to the case of *Dahoney* v. *Hall*, 20 Ind. 264. The plaintiff in that case was not within the prohibition against testifying, and the case is not applicable to the question presented. Here the plaintiff is a guardian, and the defendants are within the statutory prohibition against testifying; and neither could testify for the other without testifying for himself. In such cases this court has held that they are incompetent witnesses. *Jenks* v. *Opp*, 43 Ind. 108. There was no error in excluding them from testifying.

It is further insisted that the court erred in refusing to allow Dr. O. A. Lewis to testify as to the soundness of the ward's mind at that time. The doctor had testified that he had been introduced to said Small the day before; had talked with him some twenty minutes or half an hour, and had noticed his demeanor in court the day before and that day; and he was then asked, from said conversation and observation, what was then the condition of his mind as to soundness?

This trial was some years after the transaction complained of was had, and some time after Small had been adjudicated to be of unsound mind and placed under guardianship. Evidence of his present soundness of mind could not in any way tend to prove that he was of sound mind at the date of the transaction complained of; and, he having been regularly adjudged insane and placed under guardianship, such adjudica-

tion is conclusive upon the subject, and his subsequent sound-
ness of mind could only be shown in a direct proceeding for
that purpose. *Devin* v. *Scott*, 34 Ind. 67 ; *Redden* v. *Baker*,
86 Ind. 191.

There was no error in refusing to admit this question and
answer.

It is further insisted that the court erred in admitting the
testimony of Parlet in relation to the statements of Mayo in
the absence of the parties. It was proven that Mayo was act-
ing as the agent of appellant Hock, and while in the trans-
action of the business of such agency he made the statements
testified to by Parlet, and the statements were in relation to
the business that he was then transacting, and connected with
the matters in controversy. There was no error in admitting
this testimony.

It is further claimed that the court erred in admitting in
evidence a note given by Mayo to Parlet. The giving of this
note was a part of the business that Mayo was transacting for
Hock in purchasing from Parlet a note which he held on Small,
the insane ward, and tended to explain the transaction. There
was no error in admitting this evidence.

Appellants' counsel, in their brief, say "There are some
other assignments in the motion for a new trial, but we do
not deem it necessary to dwell upon them all." Therefore
we think it unnecessary to examine and decide any other rea-
sons not discussed. We find no available error in this record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing
opinion, that the judgment of the court below be and it is in
all things affirmed, with costs.