GARRET DEMAREST, a lunatic, by his guardians,

*v.*

AALT VANDENBERG.

The complainant was, by a decree of this court, declared to be of unsound mind, and he appears in this suit (to foreclose a mortgage held by him) by guardians of his person and estate duly appointed. The defendant set up usury as a defence, and at the examination offered himself as a witness to prove it.—*Held,* that complainant (and not his guardians, "suing in a representative capacity") was the real party to the suit, and being under a "legal disability," within the meaning of the statute, the defendant was incompetent as a witness, and that the examiner should, under the two hundred and eighteenth rule, have rejected him.

Bill to foreclose. On appeal by complainant from decision of examiner as to competency of witness.

*Mr. William Prall,* for complainant.

*Mr. John W. Griggs,* for defendant.

THE CHANCELLOR.

The bill is filed to foreclose a mortgage. The complainant is a person of unsound mind, so declared in this court by inquisition and decree. He appears in this suit by guardians duly appointed under those proceedings. The defendant in his

Demarest *v.* Vandenberg.

answer, sets up the defence of usury. On the taking of the testimony before the examiner, he offered himself as a witness to prove the usury. The complainant's counsel objected to his being sworn, on the ground that he was incompetent to testify in his own behalf in the suit, because the complainant was prevented by legal disability from testifying. The examiner overruled the objection, and the complainant appealed from his decision.

The statute of 1859 (*Rev. p. 378 § 3*) did not wholly remove the disqualification of persons to be witnesses in their own behalf in suits or proceedings, by reason of interest in the event as parties. It excepted two classes of cases : one, where the opposite party was "prohibited by any legal disability from being sworn as a witness," and the other, "where either of the parties in the cause was sued in a representative capacity." The act of 1866 (*Rev. p. 378 § 4*) provided that a party to a suit in a representative capacity might be admitted as a witness therein, and if called and admitted as a witness in his own behalf, the opposite

---

Note.—That a defendant is incompetent to testify does not, of itself, render the plaintiff incompetent; as where, in a suit for specific performance of a contract to convey lands, the defendant died, and his heir-at-law, an infant too young to be competent as a witness, was made the defendant, *Dahoney.*v. *Hall,* *20 Ind. 264.*

The burden of showing the incompetency of a witness rests on the person objecting to his evidence, *Alabama Ins. Co.* v. *Sledge, 62 Ala. 566 ;* but if a party excluded from testifying by a general rule of law, claims a right to testify under an exception, he must make that right appear at the trial, *White* v. *Brown, 67 Me. 196.*

The statutes of New Hampshire provide that a party to a suit cannot testify where the adverse party is an executor or administrator. and it was held that a party might be a witness, although the adverse party was disabled by his insanity, and the suit was defended by his guardian, *Crawford* v. *Robie, 42 N. H. 162.*

Property levied on under an execution was claimed by a third party. *Held,* that the plaintiff was competent, although meanwhile the defendant had become insane, *Anderson* v. *Wilson, 45 Ga. 25.*

The guardian of a lunatic is a competent witness in a suit between himself and the lunatic's next of kin, as to his administration of the lunatic's estate, *Turpley* v. *McWhorter, 56 Ga. 411.*

The trustee of a lunatic husband may object to the admission of his wife's

party might, in like manner, be admitted as a witness. The act of 1880 (*P. L. of 1880 p. 52*) removed the restriction from the opposite party in cases where one of the parties to the suit sues, or is sued, in a representative capacity, so far as to render such opposite party competent to testify in his own behalf, except as to transactions with, or statements by, the testator or intestate represented in the suit. In cases where one of the parties is under legal disability, which prevents him from testifying, the other party is still incompetent as a witness in his own behalf. Insanity is a legal disability. In some of the states a party is excluded from testifying in his own behalf, where his adversary in the suit is insane, by statute particularly designating that disability by name. Our statute employs a general term embracing it.

It is urged, however, that in this case the complainants are the guardians, who sue in a representative capacity. The suit is brought by the lunatic; but being under disability, he must sue by guardian. *1 Dan. Ch. Pr. 82 ; Norcom v. Rogers, 1 C. E. Gr. 484 ; Dorsheimer v. Roorback, 3 C. E. Gr. 438.* The

testimony, which would otherwise have been competent, *Edwards* v. *Pitts, 3 Strobh. 140.*

In an action to recover fees as a witness for the plaintiff in an ejectment brought by a lunatic through his committee, the committee is not a competent witness for the plaintiff, but the executor of the lunatic is competent, *Utt* v. *Long, 6 Watts & Serg. 174.*

Under a statute providing that in an action on a written instrument, the signature of the defendant is taken to be admitted unless he denies its genuineness, the guardian of a lunatic has no power to make such admission, and the lunatic himself cannot answer, *Collins* v. *Trotter* (*Mo.*), *18 Cent. L. J. 259.*

In some states, parties suing or being sued by the guardian of a lunatic, are excluded by statute, *Austin* v. *Dunham, 65 Me. 533 ; Little* v. *Little, 13 Gray 264; Kindall* v. *May, 10 Allen, 59 ;* see *Garnett* v. *Garnett, 114 Mass. 379 ; McNicol* v. *Johnson, 29 Ohio St. 85.*

As to the evidence requisite to prove a party of unsound mind, so as to exclude the adverse party, see *Drew* v. *Buck, 12 Hun 269 ; McCreight* v. *Aiken, Rice 56 ; Doud* v. *Hall, 3 Allen 410 ; People* v. *New York Hospital, 3 Abb. N. C. 230, note; Rhode Island Hospital Trust Co.* v. *Hazard, 6 Fed. Rep. 119.*

A guardian *ad litem* is not a "guardian" within the meaning of a statute providing that where a guardian is a party, the adverse party shall be incompetent to testify, *McDonald* v. *McDonald, 24 Ind. 68;* nor does the relationship of a judge of the court to the guardian *ad litem* disqualify him from hear-

Demarest *v.* Vandenberg.

lunatic is, in this case, the nominal as well as the real com-plainant. The suit is, in terms, his. But if it had been brought by his guardians alone, it would have been, in fact, his, and he would have been the party complainant within the meaning of the act of 1859.

It is also urged by the defendant's counsel, that a person of unsound mind may be a witness, if found by the court before which he is to testify, to have sufficient capacity; and that hence it may be that the complainant is not disqualified by any legal disability from testifying. That is true; but the question under consideration is whether the case, as it stands, is within the exception made by the statute. If it is, the common law rule governs the matter, and the defendant is incompetent to testify in his own behalf. It has not been made to appear that the complainant has been restored to reason, nor that, although his mental condition is not sound, he nevertheless is competent to testify in his own behalf. He appears, on the record, to be of unsound mind, and therefore under legal dis-ability, and it is to be presumed, *prima facie*, until the con-

---

ing the cause, *Bryant* v. *Livermore, 20 Minn. 313;* so, a surrogate may appoint a guardian for an infant, although he is a relative of the guardian, *Underhill* v. *Dennis, 9 Paige 202;* or his son a committee for a lunatic, *Hopper's Case, 5 Paige 489.*

A guardian *ad litem* is a competent witness for his ward, *Walker* v. *Thomas, 2 Dick. 781; Lupton* v. *Lupton, 2 Johns. Ch. 614;* and so is a plaintiff against a guardian in socage, *McCray* v. *McCray, 12 Abb. Pr. 1;* [but see *Lee* v. *Dill, 39 Barb. 521*]; the wife of such guardian is also competent, *Bonett* v. *Stowell, 37 Vt. 258.*

The declarations of a guardian in socage against the infant are not admissi-ble for a defendant in a suit by the infant, *Mertz* v. *Detweiler, 8 Watts & Serg. 376; Balt. R. R.* v. *McDonnell, 43 Md. 534.*

A guardian *ad litem* is not a " party " who may be compelled to answer in-terrogatories, *Ingram* v. *Little, L. R. (11 Q. B. D.) 251.*

A next friend is not a party to a suit, and hence may be a surety in replevin for an infant plaintiff, *Anonymous, 2 Hill (N. Y.) 417.*

A statute requiring the next·friend of an infant to give security for costs, does not apply to a gurdian *ad litem, Grantman* v. *Theall, 19 Abb. Pr. 308.*

A next friend is a " party," within a statute requiring the party to an action to make an affidavit to obtain a change of venue, *Deferd* v. *State, 30 Md. 179;* or to make an affidavit as to what documents referred to in the bill were in plaintiff's possession, *Crowe* v. *Bank of Ireland, L. R. (5 Irish Eq.) 578;* but

trary is made to appear, that he still continues under that dis-
ability. The object of the statute is to guard against the
injustice which would arise from a want of mutuality, if one
party were permitted to testify in his own behalf, while the
other is unable, from legal disability, to exercise the same privi-
lege. It was competent for the defendant to show, if he could,
that the complainant was not incapacitated by disability of
mental unsoundness from testifying; and if he had done so,
he would thus have established his own right to be sworn in his
own behalf. He did not do it. He ought, therefore, as the
case stood, to have been held to be incompetent. The inquisi-
tion is not conclusive as to the existence of the legal disability to
testify, but *prima facie* the state of incapacity continues until
the contrary appears. It is not necessary for the complainant
to show that it, in fact, continues, in order to preclude the de-
fendant. The latter is precluded by the presumed continuance
of the state of incapacity until the contrary appears. If it ap-
pears, he will be qualified to testify. If it does not appear
otherwise, he may show it, if he can.

---

no order can be made against him as a "party" for the production of docu-
ments, *Lawton* v. *Elwes*, 48 L. T. (*N. S.*) 425 ; *Hardwick* v. *Wright*, 11 Jur. (*N.
S.*) 297 ; see *Higginson* v. *Hall*, L. R. (10 Ch. Div.) 235.

As to the status of a next friend, generally, see *Balt. & Ohio R. R. Co.* v.
*Fitzpatrick*, 36 Md. 619 ; *Leopold* v. *Myers*, 2 Hilt. 580 ; *Turner* v. *Patridge*, 3
P. & W. (Pa.) 172 ; *Allen* v. *Roundtree*, 1 Spears 80.

The next friend of an infant or married woman was formerly incompetent,
because liable for costs, *Hopkins* v. *Neal*, 2 Stra. 1026 ; *Head* v. *Head*, 3 Atk
511 ; *Davenport* v. *Davenport*, 1 S. & S. 101 ; *Witts* v. *Campbell*, 12 Ves. 493 ;
*Humes* v. *Shillington*, 22 Md. 346 ; *Helms* v. *Franciscus*, 2 Bland 544 ; *Pryor* v.
*Ryburn*, 16 Ark. 671 ; *Hahn* v. *Van Doren*, 1 E. D. Smith 411 ; *Colden* v.
*Moore*, 3 Edw. Ch. 311 ; but is now admissible, *Burwell* v. *Corbin*, 1 Rand. 131 ;
*Quinn* v. *Moss*, 12 Sm. & Marsh. 365 ; *Kilpatrick* v. *Stozier*, 67 Ga. 247 ; or may
act as an interpreter for the infant, *Swift* v. *Applebone*, 23 Mich. 252 ; the next
friend's wife is competent, *Dennison* v. *Spurling*, 1 Stra. 506 ; even after his
death, and the revivor of the suit by his administrator, *Taylor* v. *Grand
Trunk R. R. Co.*, 48 N. H. 304.

Where a next friend was also surety for the prosecution of the suit, and
consequently liable for the costs, it was held that he was a party having "a
legal interest which might be affected by the event of the action," and hence
incompetent to testify as to any transaction or communication with a deceased
party, *Mason* v. *McCormick*, 75 N. C. 263, 80 N. C. 244.

Demarest *v.* Vandenberg.

It is suggested that the examiner ought, in such cases as this, notwithstanding the objection, to swear the defendant, and then, on objection, deal with the question of the competency of his testimony as and when offered. But, as matters stood in this case, the defendant was not competent to be a witness in the cause. He was offered as a witness to prove usury—the subject of controversy—to testify upon the merits. The statute provides that a party shall not "be sworn," where the opposite party is prohibited by any legal disability from being sworn as a witness. By this is meant that he shall not be permitted to testify as to any matter in which he would not be a competent witness at the common law. Had there been an offer to prove by the defendant any matter as to which he would have been competent to testify at the common law, he should have been sworn and permitted to give evidence as to that. But there was no such offer.

It is also said that the two hundred and eighteenth rule of this court gives the examiner no authority to refuse to swear a witness, but only authorizes him to adjudicate upon the competency

A *prochein amy* is not "a party individually named in the record," so as to be excluded as a witness for his ward, *Sinclair* v. *Sinclair, 13 M. & W. 640; Mellnish* v. *Collier, 14 Jur. 621.*

A guardian is not a competent witness for his ward in an action against a third party, *Clutterbuck* v. *Huntingtower, 1 Stra. 506; Stein* v. *Robertson, 30 Ala. 286;* but see *McCullough* v. *McCullough, 31 Mo. 226;* nor, in proceedings between himself and his wards, *Garwood v. Cooper, 12 Heisk. 101; Wilson* v. *Unselt, 12 Bush 215.*

In a suit against a guardian, the administrator of a former guardian is competent for the plaintiff, *Young* v. *Warne, 2 Rob. (Va.) 420.*

The declarations or admissions of a guardian are not admissible against his ward, *Ewell's Lead. Cas. 235; 1 Taylor's Evid. ₹ 742;* also *Wrottesley* v. *Bendish, 3 P. Wms. 237; Walton* v. *Coulson, 1 McLean 120; Bank of United States* v. *Ritchie, 8 Pet. 128; Evans* v. *Davies, 39 Ark. 235; McClay* v. *Norris, 9 Ill. 370; Rhoads* v. *Rhoads, 43 Ill. 239; Turner* v. *Jenkins, 79 Ill. 228; Cavender* v. *Smith, 5 Iowa 157; Prutzman* v. *Pitesell, 3 Har. & Johns. 77; Tucker* v. *Rean, 65 Me. 352; Cooper* v. *Mayhew, 40 Mich. 528; Massie* v. *Donaldson, 8 Ohio 377; Bank of Alexandria* v. *Patton, 1 Rob. (Va.) 499, 535; Gibbons* v. *McDermott, 19 Fla. 852;* see, however, *James* v. *Hatfield, 1 Stra. 548; Tenney* v. *Evans, 14 N. H. 343; McCarthy* v. *McCarthy, 66 Ind. 128; Randall* v. *Turner, 17 Ohio St. 262; Walsh* v. *Walsh, 116 Mass. 377.*—Rep.

of his testimony. The rule clearly extends to cases where the witness is incompetent to testify at all. It in terms empowers the examiner to decide upon all objections to evidence. This gives him authority to reject an incompetent witness. To swear a witness who is incompetent to testify, would be a mere idle ceremony. The rule sufficiently provides for the protection of parties in any case by giving an almost immediate appeal to the court itself. The decision of the examiner will be reversed.