THOMAS MAIR, executor, *vs.* JOHN F. BASSETT.

Suffolk. March 22. — 31, 1875. AMES & DEVENS, JJ., absent.

On the trial of the issue whether a loan, made by a person deceased and for which a note since lost was given, was to the defendant or a third person, entries in the diary of the deceased in his handwriting, which purport to have been made upon the day of the loan and on subsequent days, and which show an agreement with the defendant to take the latter's note and receive various collateral securities, are inadmissible in evidence, if the only circumstance connecting the defendant therewith is the assignment by him of a mortgage to the deceased on the day of the loan.

On the trial of the issue whether a loan, made by a person deceased and for which a note since lost was given, was to the defendant or a third person, who testifies

that the loan was made to him, a memorandum signed by the deceased, reciting the receipt of a note from the defendant on which a certain sum is stated to be due the defendant on the happening of a certain event, and on which the third person afterwards wrote a receipt for a part of the sum named therein, is inadmissible in evidence for the purpose of proving that the defendant gave the note recited, but the whole paper is admissible as affecting the credibility of the third person.

On the trial of the issue whether a loan by a person deceased was made on April 14, 1871, to the defendant or a third person, the plaintiff offered in evidence a check upon a bank dated April 14, 1863, for a sum less than that loaned, payable to the defendant, or bearer. There was evidence of a payment by the bank of a check of the deceased of the same amount on the day of the loan, and that no other check of that amount drawn by the deceased had been paid at the bank. There was no evidence that the defendant knew of the check. It was admitted in evidence, and the jury were instructed that before the defendant could be affected by it, they must be satisfied that he had knowledge of it; that as a mere statement on the part of the deceased, it would not bind the defendant; that it went to them, under the circumstances of the case, as tending to show payment of such a check at the bank on the day of the loan, though dated earlier. *Held*, that the instruction was sufficiently favorable to the plaintiff, and that he had no ground of exception.

The judge presiding at a trial, at the conclusion of his charge to the jury, stated to them that if they found for the plaintiff, he should ask them to say upon which count of the declaration they found, but if for the defendant, that they need say nothing more. The jury found for the defendant, and the judge asked them upon what ground they so found. *Held*, that it was in the discretion of the judge to ask the question, and that it afforded the plaintiff no ground of exception.

CONTRACT, with counts in tort. The nature of the case appears in the opinion.

*E. H. Derby & W. C. Williamson*, for the plaintiff.

*J. Nickerson*, for the defendant.

ENDICOTT, J. The controversy in this case was whether a loan of $4000, made by William Dillaway, the plaintiff's testator, April 14, 1871, was in fact to the defendant, or to his brother Joseph R. Bassett. A note was given at the time, which had been lost; and the plaintiff endeavored to prove that the lost note was the note of the defendant. The negotiations for the loan were conducted by Joseph R. Bassett with Dillaway, and there was no evidence that the defendant was present or took part in the transaction.

1. To prove that the loan was made to the defendant, and the note given by him, the plaintiff offered in evidence certain entries in the diary of Dillaway in his handwriting, purporting to have been made April 14, 17 and 20, 1871. These entries are vague and incomplete, but giving them the most favorable construction, they are to the effect that he had made an agreement with the de-

fendant to take his note, with certain mortgages and policies of insurance as collateral, and had paid $4000 to the defendant on the agreement. No evidence was offered that the defendant had ever seen the entries or had any knowledge of them, or that he had anything to do with the transaction therein recited, except that he did, on April 14, assign to Dillaway, a mortgage on land in New Hampshire. These entries were merely the declarations of Dillaway, and were properly excluded as not competent to prove that the defendant borrowed the money of Dillaway and gave his note therefor.

2. The plaintiff also offered a memorandum in writing, signed by Dillaway and dated April 14, 1871, which recited that he had received the defendant's note for $5000, on which there was due to the defendant $2000 ; and on the same paper Joseph R. Bassett acknowledged to have received $1000 on the account. This was mere recital on the part of Dillaway ; it was not competent evidence to prove that the defendant gave such a note, and it was rightly held that it could not be used for that purpose. But the whole paper was properly admitted as bearing upon the credibility of Joseph R. Bassett, who had testified that the loan was made to him.

3. A check upon a bank dated April 14, 1863, payable to the defendant or bearer, in the sum of $3000, and signed by Dillaway, was offered in evidence. In connection therewith the plaintiff also offered evidence that a check of that amount was paid at the bank, April 14, 1871, and was the only check of Dillaway's of that amount ever paid at the bank ; but no evidence was offered that the defendant had ever seen it, or had it in his possession, or had any knowledge of it. It was admitted in evidence as tending to show that such a check was paid on that date. But the jury were instructed, that, as a mere statement by Dillaway, it could not bind the defendant, unless they were satisfied on the evidence in the case that the defendant in some way had knowledge of it. This instruction was sufficiently favorable to the plaintiff, and he has no valid exception on that point.

4. At the close of the charge the judge said to the jury, " I shall, when you come in, if you find for the plaintiff, ask you upon which count you find, and will thank you to be prepared to state. If you find for the defendant you need not say anything

more." When the jury returned into court with their verdict, which was for the defendant, they also, in answer to a question from the judge, said that "they found their verdict on the ground that no loan or payment of money was made to the defendant, nor any money passed from Dillaway to the defendant." The plaintiff excepted to this question.

The presiding judge, in the exercise of his discretion, could properly inquire of the jury the ground upon which they found their verdict for the defendant. He was not precluded from doing so, because he had stated to them at the conclusion of his charge that, if they found for the plaintiff, he should ask them to say upon which count, but if for the defendant, they need say nothing more. The jury were able to answer the question, as they had based their verdict upon that ground. Full effect is therefore to be given to their answer. The finding having established the fact that no loan or payment of money was made to the defendant, all the other questions raised in the bill of exceptions, and argued at the bar, become immaterial, and we have not considered them.                    *Exceptions overruled.*