GEORGE W. SPURR *vs.* INHABITANTS OF SHELBURNE.

Franklin. Sept. 21. — Oct. 22, 1881. LORD & DEVENS, JJ., absent.

It is within the discretion of the judge presiding at a trial, to the exercise of which no exception lies, to put inquiries to the jury as to the grounds upon which they found their verdict; their answers may be made a part of the record, and will have the effect of special findings of the facts stated by them.

At the trial of an action against a town, for injuries occasioned to the plaintiff's horse by falling into a ditch outside of the travelled part of the highway, it appeared that the horse left the wrought and travelled part of the highway, and, after proceeding twenty-five or thirty feet along a ditch outside of the highway, fell into the ditch and was injured. The jury found for the defendant, on the ground that, on account of the nature of the land and the distance of the ditch from the travelled way, no railing was necessary. *Held*, that this finding rendered the question of the correctness of a ruling immaterial that, if no railing was reasonably required at the place where the horse left the travelled way, the town would not be liable for the want of a railing at the place where the accident happened.

MORTON, J. The evidence at the trial tended to show that one Smead was driving the plaintiff's horse over a highway in the defendant town, in the evening; that the horse left the wrought and travelled part of the way, and, after proceeding along or near a ditch outside of the travelled part a distance of twenty-five or thirty feet, fell into the ditch and was injured. The only defect claimed was the want of suitable railings. The plaintiff asked the court to rule " that if at the point of the accident there was no railing, and a railing was there required to make the way reasonably safe, then the road was defective and the plaintiff may recover, notwithstanding the horse had proceeded for more than twenty-five feet along the side of the travelled way, if at no time he had been twenty-five feet from the road." The court did not give this instruction, but instructed the jury, " that, if they found that no railing was reasonably required at the point where the horse and carriage left the travelled part of the way, the defendant would not be liable for the want of a railing at the place where the accident happened, the horse having continued out of the wrought or travelled way as before stated; that if a railing would have prevented the horse going off, and the town ought to have had a railing where it would have prevented him going off, the town is liable; but if

the inhabitants of the town were neglectful of their duty in not having railings where they should have been, but this neglect to erect railings was not the cause of the plaintiff's horse going off, the defendant would not be liable."

On the rendition of the verdict for the defendant, the court inquired of the jury upon what ground they found their verdict. The foreman replied, "On the ground that the ditch was so far distant from the travelled road that no railing was necessary."

The court further inquired, "Do you find this under the instruction of the court, that, if the place where the plaintiff's horse went off was over twenty-five feet from where he deviated from the highway, he could not recover for the want of a railing there?" The foreman answered, "No, we find it without regard to the instruction of the court as to distance, but on the ground that, on account of the nature of the land, and the distance of the ditch from the travelled way, no railing was required."

It is within the discretion of the presiding justice to put inquiries to the jury as to the grounds upon which they found their verdict, and the answers of the foreman, assented to by his fellows, may be made a part of the record, and will have the effect of special findings of the facts stated by him. And no exception lies to the exercise of this discretion. *Dorr* v. *Fenno*, 12 Pick. 521. *Spoor* v. *Spooner*, 12 Met. 281. *Mair* v. *Bassett*, 117 Mass. 356. *Lawler* v. *Earle*, 5 Allen, 22.

In the case at bar, it is to be assumed that correct instructions were given the jury as to the rules of law which govern the duty of towns as to erecting and maintaining railings. The questions whether railings were necessary, either at the place where the horse left the travelled way or at the place where he fell into the ditch, were issues involved in the case.

The jury passed upon these issues, and, as their answers show, found that, on account of the nature of the land and the distance of the ditch from the travelled way, no railing was necessary at either place. These findings are conclusive against the plaintiff's right to recover, and they render the question, raised by the plaintiff's request for instruction, as to what under the circumstances of this case would be the rule of law if a railing was necessary at the point of the accident, a merely speculative

one. The rulings of the court upon this question have by the findings of the jury become immaterial, and we need not discuss them.                                                        *Exceptions overruled.*

*A. De Wolf,* for the plaintiff.

*H. Winn,* for the defendant.