PRICE, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, May 14, 1907.

CARRIERS OF PASSENGERS: Pleading: Variance. In an action against a street railway company for damages caused by a sudden starting of defendant's car while plaintiff was boarding it as a passenger, where the petition alleged that the defendant's servants in charge of the car negligently allowed certain pieces of iron and other hard material to be placed upon the back platform against which the plaintiff was thrown by the negligent starting of the car, the allegations were not sustained by showing that the plaintiff was thrown against a sack of plumber's tools upon the back platform by the negligent starting of the car, in the absence of evidence that the defendant's servants permitted such tools to be placed there or knew of it.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of counsel.

The demurrer to the evidence should have been sustained. Williams v. Railway, 78 S. W. 45. The court erred in giving the first instruction on behalf of plaintiff because the charge of negligence submitted therein is not sustained by the evidence. Meily v. Railroad, 107 Mo. 466; Campbell v. Railroad, 175 Mo. 181; Reno v. Railroad, 180 Mo. 487; Hienyle v. Railway Co., 182 Mo. 559.

*Selden P. Spencer* and *Joseph McCoy* for respondent.

The defendant owed to plaintiff the duty of exercising that high degree of care which a careful and prudent person would under the circumstances exercise. Fillingham v. Transit Co., 102 Mo. App. 573.

BLAND, P. J.—After stating preliminary matters, and that plaintiff boarded one of defendant's cars, at the intersection of Olive street and Jefferson avenue, in the city of St. Louis, to be carried north on Jefferson to his home, the petition is as follows:

"Plaintiff states that there was then and there lying upon the back platform of defendant's said car, negligently and carelessly caused or allowed to be placed thereon by defendant's servants or agents, a certain piece, or pieces of iron or other hard material, and that while the plaintiff in the exercise of due care was then and there getting upon defendant's car, the said car being then and there conducted and handled by the agents and servants of said defendant, the said car was then

and there carelessly and negligently caused or allowed to be suddenly started, or jolted, thereby causing the plaintiff to fall upon and against said piece, or pieces of iron or other material so lying upon the platform of said car, striking and bruising the instep and foot of the left leg of plaintiff upon and against such iron or other hard substance, breaking a main artery and permanently injuring and crippling this plaintiff for life."

The answer was a general denial. Verdict and judgment for plaintiff for $3,500.

Plaintiff testified as follows:

"As I stepped on the first step and stepped upon the platform, the car started off—the car started off, making a sudden jerk, and as I was stepping up with my left foot it threw me. The platform was pretty well crowded—there was eight or ten standing there, and just as I was stepping up there the car started and threw me, and I would have fallen off if it had not been for a man holding me, and I knocked my foot on something on the platform.

"Q. How did the car start? A. Just made a sudden jerk. One party right behind me fell off, and the lady right behind me, she fell.

"Q. After that what did it do to you? A. I knocked my foot here (indicating) against a bundle of tools which was at that time on the car. It looked to me like plumbers' tools. It was a bundle, I would say, six inches high. The largest part, I should judge, was two feet long. There were many pieces in a canvas bag." (He could not say what they were and did not stop to look and didn't feel it with his hands, but felt it with his foot. The material against which he struck his foot seemed to him like a big bar of something.)

"Q. How did you strike your foot? A. I struck my foot on the top here, and it pained me badly, and as I said before, I guess I would have fallen off if it were not for that man. I worked myself in the car and a par-

ty gave me a seat. The tool bag laid toward the step and against the dashboard."

Describing the manner in which he was getting aboard the car, plaintiff further testified:

"Q. And you were standing on one foot and putting the other up? A. Yes, sir.

"Q. And did you have a hold of both handholds? A. I didn't have a hold at all, because, as I said before, there was a man on each side, one against the back dash and one against the front.

"Q. And right on each side? A. Yes, sir.

"Q. Blocking your way there? A. Yes, sir.

"Q. You had to pass between these two men to get on the car? A. Yes, sir.

"Q. As I understand you, the man who was holding on to the handhold, next to the rear of the car, was standing on the edge of the step? A. Yes, sir. I think he had one foot on the platform and one on the step.

"Q. And the other man was standing in the same position? A. No, sir, he was standing on the platform.

"Q. Close to the step? A. Yes, sir.

"Q. And his back was right against the dashboard? A. The hind end of the car.

"Q. Of course, you saw the position these two men occupied on the step—your idea was to go between them. A. Yes, sir.

"Q. And you put your foot on the step and in lifting the other foot up you struck something sharp sticking out of the tool bag? A. No, sir; when I lifted my foot up the car started and it shoved me—threw me around. It didn't hit as I stepped up. It was not laying there at all.

"Q. At the time your foot struck this tool bag you had your right foot on the step of the car? A. Yes, sir. I kind of fell on my knee.

"Q. This car was a north-bound car you were getting on? A. Yes, sir.

"Q. These two men were standing on the platform of that car and just left room enough for you to go through there? A. Yes, sir.

"Q. For one man to pass between them into the car? A. Yes, sir.

"Q. That bag on the platform, can you stand up and illustrate that—was it back of the platform or was it in front where you got on? A. It was on the back of the car. I was back right against the platform when I saw it, if I am not mistaken."

The evidence in respect to the injury was not brought up or abstracted. Defendant offered a demurrer to plaintiff's evidence which the court refused. No evidence was offered by defendant.

Error is assigned on account of the giving of the following instruction for plaintiff:

"1. The court instructs the jury that it is the duty of a street railway company carrying passengers for hire, to exercise, for the safety of their passengers, that high degree of care which a careful and prudent person would under the circumstances exercise, and if, from the evidence, you believe that the defendant, the St. Louis Transit Company, on or about the first day of December, 1903, was in possession of and operating a street railway in the city of St. Louis, on Jefferson avenue, for the carriage of passengers for hire, and that plaintiff was, on said date, a passenger on defendant's car, and that defendant, through its agents or servants, caused or allowed to be placed upon the back platform of said car a certain piece or pieces of iron or other hard material, and carelessly and negligently started or jolted said car so as to cause the plaintiff to fall upon or against said piece of iron or other hard material, injuring him, and that the causing of said iron to be so placed upon the car or allowing it to remain there, together with the sudden jolt of the car, if so you believe the fact to be, was a violation of such a high degree of care for the safety of plain-

tiff, as a prudent person would under the circumstances exercise, then your verdict should be for the plaintiff, provided you also find from the evidence and believe that plaintiff was himself, at the time of the injury and thereafter in connection therewith, exercising for his own protection such care as a person of ordinary prudence would under the circumstances exercise."

The petition alleged, in substance, that defendant negligently caused, or allowed, to be placed upon the platform of the car, a piece, or pieces, of iron, or other hard substance, and negligently caused the car to be suddenly started or jolted, thereby causing plaintiff to fall upon and against the piece of iron, causing injury to his foot. To find for plaintiff, the jury were required to find that defendant's servants in charge of the car caused or allowed to be placed upon the back platform thereof, a certain piece or pieces, of iron, or other hard metal, and that said servants negligently started or jolted said car so as to cause plaintiff to fall upon or against said piece or pieces of iron. The jury, therefore, were required to find that both acts, that is, the depositing, or suffering to be deposited, upon the back platform, of a hard piece or pieces of iron, and the sudden starting of the car, concurred to produce the injury. There was no evidence whatever that defendant's servants in charge of the car caused, or permitted the sack of plumbers tools to be placed upon the platform. The evidence does not show when or by whom the tools were placed upon the platform, which was crowded. In these circumstances, it would not be fair to presume, that defendant's servants in charge of the car knew the sack was on the platform, or permitted it to be placed there. The instruction is erroneous for the reason there is not sufficient evidence to support it, wherefore, the judgment is reversed and the cause remanded. All concur.