MARTHA E. PITCHER *vs.* OLD COLONY STREET RAILWAY
COMPANY.

GEORGE A. PITCHER *vs.* SAME.

Norfolk.   March 20, 21, 1907. — June 19, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, J.

*Negligence. Street Railway. Carrier,* Of passengers. *Evidence,* Of what is customary, Remoteness. *Practice, Civil,* Verdict.

If, in an action for personal injuries alleged to have been caused by the negligence of the defendant, the jury in answer to questions put to them by the presiding judge make special findings that the plaintiff was not in the exercise of due care and that the defendant was not negligent, and also return a general verdict for the defendant, the verdict must stand if either of the special findings was warranted and there was no error in the rulings and instructions or in the admission and exclusion of evidence upon that issue, although there may have been error in the trial of the other issue.

It is not negligent for the conductor of an electric street car with a seat running lengthwise on each side to suffer a bag or satchel to be placed by a passenger on the floor of the car and to allow it to remain there, when it is not placed so as to obstruct a free passage through the car or to render the passageway dangerous to a person in the exercise of due care.

In the trial of an action by a woman against a corporation operating a street railway for personal injuries caused by the plaintiff, when in the act of leaving a car of the defendant, stumbling over a bag or satchel which another passenger had placed on the floor of the car, it is right for the presiding judge to refuse to instruct the jury that the defendant was bound to exercise toward the plaintiff " the utmost care and diligence in providing against those injuries which can be averted by human foresight," and to instruct them instead that the defendant owed the plaintiff " the highest degree of care which was consistent with the practical carrying on of its business."

In the trial of an action by a woman against a corporation operating a street railway for personal injuries caused by the plaintiff, when in the act of leaving a car of the defendant, stumbling over a bag or satchel which another passenger had placed on the floor of the car, it would be error for the presiding judge to instruct the jury " that under all conditions the aisles, entrances and exits [of street cars for the transportation of passengers] shall be kept free from all obstructions by the use of the highest possible degree of care and caution on the part of " the corporations engaged in operating such cars.

In the trial of an action by a woman against a corporation operating a street railway for personal injuries caused by the plaintiff, when in the act of leaving a car of the defendant, stumbling over a bag or satchel which another passenger had placed on the floor of the car, the defendant may be allowed to show that

it is customary not to have racks for baggage or parcels in street cars and to allow the passengers to put hand bags and dress suit cases on the floor, as bearing upon the question whether the defendant exercised the degree of care required of it.

MORTON, J.  The female plaintiff, whom we shall speak of as the plaintiff, stumbled, in the act of leaving the car, over a bag or satchel which another passenger had placed upon the floor, and pitched forward, striking her head against the door and receiving the injuries complained of.  The plaintiff was seated near the middle of the car, and the jury found, in answer to a question submitted to them by the presiding judge, that the car was of the ordinary street passenger car type with a seat running lengthwise of the car on each side.  The jury also found in answer to questions specially submitted to them by the presiding judge that the accident was not caused by the conductor's negligence, and that the plaintiff was not in the exercise of due care, and returned general verdicts for the defendant.  The cases are here on exceptions by the plaintiff to the admission and exclusion of evidence, to the refusal to give certain rulings that were requested, and to certain instructions that were given.

The answers of the jury to the questions that were submitted to them were in the nature of special findings.  *Ellis* v. *Block*, 187 Mass. 408, 414, *Spurr* v. *Shelburne*, 131 Mass. 429, *Mair* v. *Bassett*, 117 Mass. 356, and if there was evidence warranting a finding that there was no negligence on the part of the defendant or that the plaintiff was not in the exercise of due care and there was no error in respect to the issue on which the finding was warranted in the rulings or instructions on the admission or exclusion of evidence, then the verdict must stand even though there may have been error in respect to the other branch of the case.

We think that there was evidence warranting the finding that there was no negligence on the part of the defendant, and we see no error in regard to the instructions or the refusals or in the admission or exclusion of evidence relating thereto.  Considering the character and description of the car it could not be ruled as matter of law that it was negligent for the conductor to suffer the bag to be put and to remain on the floor, and the jury must have found under the instructions of the court that it was

not so placed as to obstruct the free passage of the plaintiff out of the car, or to render the passageway dangerous to a person in the exercise of due care. The defendant was not bound, as the plaintiff asked the judge to instruct the jury, " to exercise towards her the utmost care and diligence in providing against those injuries which can be averted by human foresight," but, as the judge instructed the jury, it owed to her " the highest degree of care which was consistent with the practical carrying on of its business." *Nichols* v. *Lynn & Boston Railroad*, 168 Mass. 528. *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341. It would have been error to instruct the jury as requested, " that under all conditions the aisles, entrances and exits shall be kept free from all obstructions by the use of the highest possible degree of care and caution on the part of . . . street railway companies " engaged in the transportation of passengers.

In view of the conclusion to which we have come on this branch of the case it is unnecessary to consider whether there was any error in the rulings or instructions in relation to the plaintiff's due care.

In the rule that was offered there was nothing which forbade passengers to take hand bags or satchels into the cars and deposit them on the floor, and it was therefore rightly excluded.

Evidence that it was customary not to have racks for baggage or parcels in street cars, and that there was a custom allowing passengers to put hand baggage and dress suit cases on the floor was admissible not for the purpose of proving a custom as such but as bearing upon the question whether the defendant exercised the degree of care required of it. *Cass* v. *Boston & Lowell Railroad*, 14 Allen, 448, 450. *Maynard* v. *Buck*, 100 Mass. 40. *Lane* v. *Boston & Albany Railroad*, 112 Mass. 455, 463. It would not follow that, if the defendant did as others did, it was necessarily exercising the degree of care required of it. The ordinary methods might be careless and therefore furnish no excuse. It is not to be presumed, however, that they would be, but rather the contrary. As bearing upon the defendant's case, we can have no doubt that the plaintiff would be entitled to show, if it was a fact, that it was customary to have racks in street cars for hand baggage and satchels and not to allow passengers to put them on the floor in the aisles. *Myers* v. *Hudson Iron Co.* 150 Mass.

125, 138. *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576. No good reason can be given why the defendant should not be allowed to show the converse of that proposition.

The result is that the exceptions must be overruled.

*So ordered.*

*L. G. Blair*, (*C. S. Hill* with him,) for the plaintiffs.

*Asa P. French & J. S. Allen, Jr.*, for the defendant, were not called upon.