LONG et ux. v. ATLANTIC COAST LINE R. CO.

(Circuit Court of Appeals, Fourth Circuit. December 14, 1916.)

No. 1446.

1. CARRIERS ⬤⟞320(24)—INJURY TO PASSENGERS—NEGLIGENCE—QUESTIONS FOR JURY.

Evidence that the conductor and brakeman had gone through the car several times while in its aisle was the suit case over which a passenger, walking through the car, was thrown by an ordinary lurch of the train, is enough to go to the jury on the issue of negligence in leaving it there after they knew, or had reasonable opportunity to know, of its presence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1315; Dec. Dig. ⬤⟞320(24).]

2. CARRIERS ⬤⟞323—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE—WHAT LAW GOVERNS.

The law of contributory negligence of the state, where a passenger was injured while traveling between points therein, governs in an action for the injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1346; Dec. Dig. ⬤⟞323.]

3. APPEAL AND ERROR ⬤⟞273(1)—SUFFICIENCY OF EXCEPTION.

To constitute an exception, allowing review, it is enough that the direction of the verdict for defendant was so brought to the attention of the

---

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

court and defendant's counsel at the proper time that both understood the purpose of plaintiffs' counsel to make it the basis of a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1620–1623, 1625, 1629, 1630; Dec. Dig. ⊜273(1).]

4. EXCEPTIONS, BILL OF ⊜6—PROPOSED BILL—SUFFICIENCY.

The paper served as a bill of exceptions, consisting of a narrative of what occurred at the trial, including the testimony and the charge, and indicating the point made by plaintiffs on the charge which they intended to use as a basis for assignment of error, while unsatisfactory and altogether informal, did not require the judge to treat it as a nullity, but was sufficient as a proposed bill of exceptions to warrant him, in the exercise of his discretion, to receive it and put it into proper shape for settlement.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 8, 12; Dec. Dig. ⊜6.]

In Error to the District Court of the United States for the Eastern District of South Carolina, at Columbia; Henry A. Middleton Smith, Judge.

Action by J. C. Long and wife against the Atlantic Coast Line Railroad Company. Verdict was directed for defendant, and plaintiffs bring error. Reversed.

Alfred Wallace, Jr., of Columbia, S. C. (W. Boyd Evans, D. C. Ray, and Porter A. McMaster, all of Columbia, S. C., and James H. Fanning, of Springfield, S. C., on the brief), for plaintiffs in error.

Douglas McKay, of Columbia, S. C., and P. A. Willcox, of Florence, S. C. (L. W. McLemore, of Sumter, S. C., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. [1] In this action for personal injuries the main question is whether the evidence warranted the District Judge in directing a verdict for the defendant. The evidence relied on to support the action may be thus summarized:

At Walthourville, Ga., on October 28, 1914, plaintiffs, J. C. Long and his wife, Cathleen T. Long, became passengers on defendant's train No. 58, running from Waycross to Savannah, Ga. After passing several stations, Mrs. Long went from her seat to the toilet at the other end of the car. On her way back to her seat there was a lurch or jolt of the train, which caused her to stumble over a suit case in the aisle of the car and to fall on or against a seat. The resulting injuries produced miscarriage and serious illness. There were several suit cases in the aisle when the plaintiffs boarded the train. The conductor and the brakeman passed through the car several times while the suit cases were in the aisle, and made no effort to have them removed. Mrs. Long saw the large suit case against which she stumbled, and could have walked around it if the lurch or jolt had not caused her to lose her balance. There was no evidence that the jolt or jerk was violent or unusual.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The usual jerks or jolts which seem to be incident to the operation of a railroad train are not dangerous to passengers under ordinary circumstances, and therefore proof that one occurred, with nothing more, cannot be the basis of an inference of negligence. Such slight disturbances of equilibrium as an ordinary jolt of a train produces passengers expect, and easily and unconsciously protect themselves against them. Indeed, in this case the evidence of Mrs. Long tends to show that the jolt would have been harmless, but for the presence of the suit case.

On the other hand, the railroad company also knows that such jolts occur, and that they do in some measure impair the passenger's control of his body while walking in the aisle. Hence it is the duty of the carrier to use due care to see that there is no obstruction in the aisle calculated to make jerks or jolts dangerous. Baggage left in the aisle is plainly such an obstruction. Therefore leaving suit cases or other obstructions in the aisle after the agents of the company knew or had reasonable opportunity to know of their presence is evidence of negligence. The officers of the road are charged with knowledge that a passenger walking in the aisle may, when a jerk of the train occurs, stumble over the obstruction, even when he sees it, without fault on his part.

The testimony on behalf of the plaintiff tending to show that the conductor and brakeman passed through the car several times while the suit case was in the aisle was evidence to go to the jury on the issue whether it had been there so long before the accident that in the exercise of due care they would have discovered it. This conclusion is well supported by authority. Burns v. Pennsylvania R. Co., 233 Pa. 304, 82 Atl. 246, Ann. Cas. 1913B, 811; Stimson v. Milwaukee, etc., R. Co., 75 Wis. 381, 44 N. W. 748; Pitcher v. Old Colony St. R. Co., 196 Mass. 69, 81 N. E. 876, 13 L. R. A. (N. S.) 481, 124 Am. St. Rep. 513, 12 Ann. Cas. 886; Price v. St. Louis Transit Co., 125 Mo. App. 67, 102 S. W. 626.

The question whether a passenger who stumbles over a suit case in his view with nothing to affect his control of himself is guilty of contributory negligence is not involved, and on that point we express no opinion.

[2] We think the District Judge was in error also in holding that the following statute of Georgia relating to contributory negligence was not applicable, and that the case was governed by the law of South Carolina, which does not allow any recovery to a plaintiff whose negligence has contributed to the injury:

"No person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him."

In Slater v. Mexican National R. R. Co., 194 U. S. 120, 24 Sup. Ct. 581, 48 L. Ed. 900, the rule was stated as follows:

"The theory of the foreign suit is that, although the act complained of was subject to no law having force in the forum, it gave rise to an obligation, an

obligatio, which, like other obligations, follows the person, and may be enforced wherever the person may be found. * * * But as the only source of this obligation is the law of the place of the act, it follows that that law determines not merely the existence of the obligation, but equally * * * its extent. It seems to us unjust to allow a plaintiff to come here absolutely depending on the foreign law for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that law would impose."

See Northern Pac. R. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. Ed. 958; Dennis v. Atlantic C. L. R. Co., 70 S. C. 254, 49 S. E. 869, 106 Am. St. Rep. 746; Texas, etc., R. Co. v. Humble, 181 U. S. 57, 21 Sup. Ct. 526, 45 L. Ed. 747; Atchison, etc., R. Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. Ed. 695; Louisville, etc., R. Co. v. Whitlow, 105 Ky. 1, 43 S. W. 711, 41 L. R. A. 614.

[3] A motion was made to dismiss in this court on the ground that the plaintiffs had not excepted to the rulings of the court which this court is asked to review. Although the exceptions were taken in a very objectionable and loose way, we think that the direction of the verdict for the defendant was so brought to the attention of the court and defendant's counsel at the proper time that both clearly understood the purpose of plaintiffs' counsel to make it the basis of a writ of error. New Orleans, etc., R. Co. v. Jopes, 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919.

The point as to the application of the Georgia statute was not properly made by exception taken at the time of the ruling of the District Judge, and therefore in strictness is not before us for consideration; but, since the case must go back for a new trial, we have deemed it proper to dispose of the question.

[4] The point is also made on the motion to dismiss that no true bill of exceptions was served within the time required by law. The paper served as a bill of exceptions consisted of a narrative of what occurred at the trial, including the testimony and the charge of the judge, and it indicated the point made by the plaintiffs on the charge of the District Judge which they intended to use as a basis for the assignment of errors. While this paper was unsatisfactory and altogether informal, we do not think the defects were such as to require the District Judge to treat it as a nullity. It was sufficient as a proposed bill of exceptions to warrant the District Judge in the exercise of his discretion to receive it and put it into proper shape by settlement.

Reversed.