### 257

T. W. Lind Company
vs.       No. 40877
Nu Fastner Company

#### DECISION
#### January 8, 1919

DORAN, J.: A' new trial·cannot be allowed for newly discovered evidence suggested by the affidavits filed. Such new evidence is mainly if not entirely cumulative. A letter now offered by defendant, not put in at the trial, stating that a note made by defendant was received by plaintiff in exchange for a pre-existing note, states no more than Mr. Lind said on the stand.

When the foreman was asked if the jury found for plaintiff or defendant, he answered "For the plaintiff, $1000, the amount of the note." The verdict written by the clerk and signed by the foreman was in the ordinary form in assumpsit. Defendant moves to amend the recorded verdict by incorporating the substance of said answer of the foreman. Verdicts have been amended after separation of the jury where it was clear or undisputed what the intention of the jury was and that the verdict failed to express that intention. Cases so holding presented circumstances very different from the situation here. Generally speaking, a verdict cannot be amended after the jury have separated.

Rose v. Harvey, 18 R. I. 527.

Woonsocket &c. Co. v. Sherman, 8 R. I. 564, 579.

The motion to amend the verdict is denied.

The essential purpose of defendant in relation to said statement of the foreman is to have the same held as a substantial fact in the case and, that being in, defendant claims that it shows' that the verdict was based on the second count of the declaration and further claims that said second count is not supported by the weight of the evidence.

Cases relating to voluntary statements made by foreman or other jurors are not so numerous as cases relating to

### 258

replies given by jurors to questions asked by the Court or with the Court's permission when the verdict is being received. Voluntary statements it would seem are entitled to at least as much' weight as replies to questions, being, so far as would appear, the product solely of the juror's thought and not the response to a possibly unexpected demand. It has been held that the jury may not be asked the reasons for their findings.

22 Enc. Pl. and Pr., 907, 937.

Seenman v. Feeney, 19 Minn. 79, treats a statement by the jury preceding the acceptance of the verdict as an absolute nullity. But many cases recognize the right of the Court to question the jury about the verdict reported by them in their own words and to give regard to the answers made.

Clough v. Clough, 26 N. H. 24.·
Parrott v. Thacher, 9 Pick. 426.
Mair v. Bassett, 117 Mass. 356.
Pierce v. Woodward, 6 Pick. 206.

Apparently in Forbes vs. Howard, 4 R. I. 364, 369, the jury were questioned by the Court after announcing a general verdict.

In Walker v. Bailey, 65 Me. 354, the Court says that the right to question was recognized by courts of "high respectability", but the Maine court manifests its disapproval of such interrogation and refuses to consider what effect,

if any, might be given to the foreman's answer in the case then on trial. In contrast, the Court in Rockefeller v. Wedge, 149 Fed. 130, 132. said of such interrogation that "Far from being open to the criticism made of it, if it were oftener resorted to it would save not a few mistrails."

Another objection to giving consideration to statements made by the foreman prior to taking the verdict as recorded is that the foreman then is speaking only for himself. There is this much truth in the objection that the clerk's question after reading the recorded verdict, "As your foreman says so say you all?" may be claimed to apply only to the recorded verdict just read. But cases hold that the foreman speaks for the jury throughout the return of the verdict and the jury's assent to his statement must be presumed if no dissent is expressed.

### 259

Walker v. Sawyer, 13 N. H. 191, 197.
Cross v. Grant, 62 N. H. 675, 681, 682.
Similar in effect is .
Spurr v Shelburne, 131 Mass. 429, 430.

Taking the foreman's statement in connection with the fact that shortly before bringing in their verdict the jury came in to inquire if plaintiff finally got and retained the proceeds of a note made by defendant and the fact that the claim connected with said note is the only claim of that nature involved in the suit, it seems fairly certain that the verdict was based on the second count.

The second count is not on a note but for $1000 said to have been laid out for the use of defendant, but the evidence most intimately connects the claim for this sum with a succession of notes made by defendant as well as with a note made by plaintiff. The reason given by plaintiff for giving its note to defendant is that for a time plaintiff would have control of two $1000 notes of defendant representing only one claim of $1,000, and that the note signed by plaintiff was given to protect plain-

tiff from any possibility of a double claim. Plaintiff's note would not protect defendant against a purchaser of defendant's latest note if plaintiff sold it. As for a double claim by plaintiff itself, that was guarded against by the writing signed by plaintiff saying that defendant's last note was received by plaintiff in exchange for a pre-existing note signed by defendant. Mr. Lind testified in substance that plaintiff's note was given to secure defendant until defendant recovered its earlier note. In fact plaintiff's note was exchanged for defendant's last note. Considering undisputed facts and the testimony as it stands I think a verdict for plaintiff on the second count is against the weight of the evidence.

As for the first and third counts it would be exceedingly difficult for a lawyer who was not also an exceedingly well informed mechanic to criticise a verdict for either party on those counts.

Motion for new trial granted.

For plaintiff: Wilson, Gardner & Churchill.

For defendant: Edward C. Stiness.